## FOR PUBLICATION



FILED

Jan 15 2015, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**THOMAS E. WHEELER II**
**MAGGIE L. SMITH**
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**NEAL F. EGGESON, JR.**
Eggeson Appellate Services
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WALGREEN CO., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1311-CT-950 |
| | ) | |
| ABIGAIL E. HINCHY, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-1108-CT-29165

**January 15, 2015**

**OPINION ON REHEARING—FOR PUBLICATION**

**BAKER, Judge**

Walgreen has filed a petition for rehearing, raising several claims of error in our original opinion. We grant the petition so that we may address Walgreen's arguments.

In our original opinion, we held that Hinchy had raised a viable claim of negligence/professional malpractice against Walgreen. Walgreen Co. v. Hinchy, No. 49A02-1311-CT-950 (Ind. Ct. App. Nov. 14, 2014). Walgreen argues that Hinchy has never raised that claim directly against Walgreen. We disagree.

Initially, we note that Indiana is a notice pleading state, meaning that what is required to state a claim is "pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial." Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. P'ship, 674 N.E.2d 558, 563 (Ind. 1996). Therefore, that Hinchy's complaint did not include an explicit claim of professional malpractice against Walgreen is of no moment. All operative facts supporting such a claim were included in the complaint.

Furthermore, Hinchy did explicitly raise this precise claim, with supporting argument and evidence, at multiple stages of the litigation. First, she explicitly briefed the issue on summary judgment. Second, the parties extensively argued this issue before the trial court. Third, the issue was argued on the directed verdict motion. Fourth, Hinchy filed multiple proposed final jury instructions directly related to this claim of professional malpractice against Walgreen. Finally, Hinchy explicitly referred to this claim in her Appellee's Brief in this appeal. Never once, until now, has Walgreen argued that the claim

2

was not properly pleaded.  It is far too late in this stage of litigation to raise a procedural argument for the first time.  Consequently, this claim of error must fail.

Next, Walgreen argues that our assertion that it had failed to appeal the denial of summary judgment and directed verdict on the claim of invasion of privacy through public disclosure of private facts was erroneous.  Again, we disagree.

In its brief, Walgreen argued only that the trial court's rulings regarding the jury instructions relating to this claim were erroneous.  Walgreen contends that we are too focused on the headings in its brief, but Walgreen is incorrect.  Regardless of the headings, it is readily apparent that the substance of its argument relates to the trial court's rulings on jury instructions rather than to the rulings regarding the tort itself.  It is for Walgreen to make and organize its own appellate argument, and we will not infer a broader argument than it actually made.  Walgreen's vague assertions in its brief are not enough to rise to the level of cogent argument.  Therefore, this claim of error must fail.

To the extent that we erred in stating that Withers learned Hinchy's social security number, we note for the record that it may not have occurred.  It is not entirely clear whether that did or did not happen, but either way, it does not change the ultimate outcome of this case.

Finally, Walgreen argues that we erred in stating that Davion Peterson shared with others the information about Hinchy that he learned from Withers.  There is evidence in the record, however, that Peterson did share certain information with three other

3

individuals.  Tr. 566-67.  While the evidence can be interpreted in different ways, we will

not reweigh it on appeal.  Therefore, this claim of error must fail.

The result we reached in our original opinion stands.

KIRSCH, J., and ROBB, J., concur.